

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*One St. Andrew's Plaza*
*New York, New York 10007*

July 24, 2020

**BY ECF AND EMAIL**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>United States v. David John Evangelista,</u>
                <u>S1 17 Cr. 191 (RA)</u>

Dear Judge Abrams:

      The Government respectfully submits this letter, jointly with defense counsel, in response to Jerry Capeci's motion to unseal the transcript of the sentencing proceeding of defendant David Evangelista, as well as any sentencing memoranda submitted by the defendant and Government in connection with this case. (Dkt. No. 36.) As set forth below, the parties do not object to the unsealing of certain portions of these documents, but request that other portions, including Exhibits A through C of the defendant's sentencing submission, remain under seal. The parties' proposed redactions have been submitted to the Court for an *in camera* review.

      **A.**    **Background**

      In December 2016, Evangelista was charged with two counts of bank robbery and one count of escape from the Residential Reentry Center in the Bronx. In May 2017, Evangelista pled guilty before this Court pursuant to a *Pimentel* letter. While awaiting sentencing at the Metropolitan Detention Center ("MDC"), Evangelista was befriended by Christopher Londonio, a soldier in the Luchese Crime Family of La Cosa Nostra ("LCN"), who made several admissions to Evangelista regarding, among other things, his participation and the participation of others in the murder of Michael Meldish. Londonio also enlisted Evangelista in his plan to escape from the MDC. In August 2017, Evangelista brought the escape plan to the attention of MDC staff, and shared with law enforcement the information provided by Londonio regarding the Meldish murder.

      In September 2019, Evangelista pled guilty before this Court pursuant to a cooperation agreement with the Government. In October 2019, Evangelista testified at the trial of Londonio, Matthew Madonna, Steven L. Crea, and Terrence Caldwell in 17 Cr. 89 (CS). After a six-week trial, all defendants were convicted of multiple offenses including racketeering conspiracy, murder in aid of racketeering, and murder through the use of a firearm. On February 19, 2020, this Court sentenced Evangelista to time served.

The Honorable Ronnie Abrams
July 24, 2020
Page 2

### B.     Applicable Law

The press and the general public have a qualified First Amendment right to attend criminal trials so that the "constitutionally protected discussion of government affairs is an informed one." *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 604-05 (1982). Open criminal proceedings "enhance[ ] both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system" by "assur[ing] that established procedures are being followed and that deviations will become known." *Press–Enterprise Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 508 (1984).

The qualified First Amendment right of access to criminal trials encompasses a qualified right to attend sentencing proceedings. *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005). "Access to sentencing proceedings allows the public to understand the reasons behind a given sentence, a value reflected in 18 U.S.C. § 3553(c), which states that sentencing shall be held in open court, in part to 'enable the public to learn why defendant received a particular sentence.'" *United States v. Armstrong*, 185 F. Supp. 3d 332, 335 (E.D.N.Y. 2016) (quoting *Alcantara*, 396 F.3d at 206).

The public also has a qualified First Amendment right to access judicial documents if they are "derived from or are a necessary corollary of the capacity to attend the relevant proceedings," or if "logic and experience" support such access—that is, if access "plays a significant positive role in the functioning of the particular process in question" and the documents "have historically been open to the press or general public." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92–93 (2d Cir. 2004) (quotations omitted) (finding a qualified First Amendment right to access criminal docket sheets); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (discussing common law presumption of access to documents concerning cooperation and noting that, "[w]here filing with the court is unusual or is generally under seal," presumption of access is weaker).

"The qualified First Amendment right of access should be abridged only where there is a higher value or compelling interest that will be significantly harmed by public access and the sealing is narrowly tailored to protect that interest." *Armstrong*, 185 F. Supp. 3d at 336 (citing *Globe Newspaper*, 457 U.S. at 606–07; *United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008)). "The safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access." *Id.* (citation omitted). So too can the government's interest in the secrecy of its investigations and in securing cooperation in future cases. *See id.* (citing *United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013); *Amodeo*, 71 F.3d at 1050). Where release of information "is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Amodeo*, 71 F.3d at 1050; *see United States v. LeRoux*, No. 14 Cr. 75 (RA), 2020 WL 3051261, at *1 (S.D.N.Y. June 8, 2020).

The Honorable Ronnie Abrams
July 24, 2020
Page 3

      **C.**    **Discussion**

The parties request the continued sealing of three categories of information: (1) names of certain third parties; (2) information relating to Evangelista's personal history and medical conditions; and (3) information about Evangelista's location that, if disclosed, would compromise his safety. For the reasons set forth below, the Government submits that there are compelling reasons to maintain this information under seal.[1]

First, the names of third parties disclosed in the sentencing letters should remain sealed to protect the privacy interests of those individuals. Most of these redactions relate to the December 2016 disposal of a murder victim's body that Evangelista disclosed to law enforcement. The parties have proposed redacting the name of the other participant, who directed Evangelista to move the body, as well as the name of the victim. The other participant was never charged with the murder and the victim, although deceased, was involved in criminal conduct prior to the murder. In addition, the parties have proposed a redaction in the first paragraph of page 2 of the defendant's submission to protect the identity of that individual. It is well-established that such third party privacy interests "should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. As the Second Circuit explained, "[c]ourts have long declined to allow public access simply to cater "to a morbid craving for that which is sensational and impure." *Id.* (quoting *In re Caswell*, 18 R.I. 835, 836, 29 A. 259, 259 (1893)). Moreover, the public value of this specific information—*i.e.*, the names of certain individuals—is quite minimal. Thus, this information should not be unsealed.

Second, the sentencing letters, including Exhibits A through C of the defendant's submission, contain information about Evangelista's personal history and medical conditions that should remain sealed. The value of this information is quite minimal, and much was made public at trial thereby "diminish[ing] the urgency of the public's need for the sealed materials." *Armstrong*, 185 F. Supp. 3d at 335. In any event, Evangelista's privacy interests and the interests of the Government in securing future cooperating witnesses weigh against unsealing. *See id.* at 338 (recognizing that "where cooperators' candid participation, offered at risk to themselves, is central to the administration of justice, it is fair, and appears fair, for courts to acknowledge and weigh heavily the government's attempts to protect those cooperators"). This concern is particularly salient in the context of organized crime investigations. The tenets of La Cosa Nostra expressly disavow cooperation with law enforcement and require retaliation against informants, creating an environment where those who cooperate do so at the risk of their safety, making securing cooperation from those in a position to know inherently difficult. Thus, this information should not be unsealed.

Third, the defendant's sentencing letter and the sentencing transcript contain information about Evangelista's current location. This information should remain sealed to protect Evangelista's safety. La Cosa Nostra is a violent organization and Evangelista provided testimony

---

[1]    The parties do not dispute that the sentencing letters are judicial documents for purposes of the Court's analysis.

The Honorable Ronnie Abrams
July 24, 2020
Page 4

against the leadership of the Luchese Family.  Thus, the Government and the defendant have a compelling interest in ensuring that Evangelista remains safe and that his location remains confidential.  *See LeRoux*, 2020 WL 3051261, at *1 ("The safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access." (citing *Armstrong*, 185 F. Supp. 3d at 336)).  Accordingly, this portion of the documents should not be unsealed.

### D. Conclusion

For the reasons set forth above, the Government respectfully requests that the motion to unseal be granted in part and denied in part.  The Government further requests that the attachments to this letter, containing the proposed redacted versions of the requested documents, be filed under seal.[2]

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:      /s/
Alexandra N. Rothman
Assistant United States Attorney
(212) 637-2580

Enclosures

cc:   David Wikstrom, Esq. (by ECF)

Application granted.  The transcript of Mr. Evangelista's sentencing, as well as the sentencing memoranda filed in connection with that proceeding, are to be unsealed, but filed with the redactions proposed jointly by the parties.  The public has a qualified First Amendment right to access judicial documents if they are "derived from or a necessary corollary of the capacity to attend the relevant proceedings," or if "logic and experience" support such access -- that is, if access "plays a significant positive role in the functioning of the particular process in question" and the documents "have historically been open to the press or general public."  Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 92-98 (2d Cir. 2004).  "[O]nly where there is a higher value or compelling interest that will be significantly harmed by public access and the sealing is narrowly tailored to protect that interest" should the "qualified First Amendment right of access . . . be abridged."  United States v. Armstrong, 185 F. Supp. 332, 336 (E.D.N.Y. 2016).  Here, the parties have proposed narrowly tailored redactions to the sentencing transcript and the two sentencing memoranda filed in connection with that proceeding.  These redactions properly protect the names of third parties, sensitive information relating to Mr. Evangelista's personal and medical history, and Mr. Evangelista's current location.  Courts in this circuit have concluded that these three interests can constitute sufficiently compelling interests to outweigh the qualified First Amendment right of the public to access certain information.  See id. ("The safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access."); United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (considering a third party's privacy interests to weigh against the presumption of public access); United States v. Acevedo, No. 04-cr-363, 2010 WL 3467910, at *1 (S.D.N.Y. Aug. 24, 2010) ("The Court will file this letter under seal because it contains personal information about the defendant.").

Accordingly, the parties are ordered to promptly file redacted versions of their sentencing memoranda on the docket.  A redacted copy of Mr. Evangelista's sentencing transcript will be filed shortly.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
July 24, 2020

---

[2]   This letter without the attachments is being provided to the movant, Jerry Capeci, in addition to being publicly filed.